**FILED**

APR 1 9 2010

DAVID CREWS, CLERK
BY _____ Deputy

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHOW TIME #3, LLC, a Tennessee )
Limited Liability Company )
 )
Plaintiff )
 )
V. )  Case No.: 3: 10 CV 026 · M – A
 )
CHOW TIME MS INC., a Mississippi )
Corporation, and )
YUN DA CHEN (an individual) )
 )
Defendants )
 )

## COMPLAINT FOR DAMAGES AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION, AND UNFAIR COMPETITION

Plaintiff, Chow Time #3, LLC ("Chow Time #3"), by its attorneys, for its Complaint for Damages and Preliminary and Permanent Injunctive Relief for Trademark Infringement, False Designation of Origin and False Representation, and Unfair Competition alleges, with knowledge as to its own acts and upon information and belief as to the acts of others, alleges as follows:

## THE PARTIES

1. Chow Time #3 is a Tennessee limited liability company. Its principal place of business is located at 4207 Hacks Cross, Memphis, Tennessee 38125. Chow Time operates a restaurant under the Chow Time name which features Chinese and American southern cuisine served buffet style.

2. Defendant Chow Time MS Inc. ("Chow Time MS") is a Mississippi corporation.

1

Its principal place of business is located at 2142 Jackson Ave. W, Oxford, MS 38655.

3.     Defendant Yun Da Chen ("Chen") is an individual believed to presently reside in Oxford, Mississippi and is believed to be a principal in Chow Time MS.

## JURISDICTION

4.     This court has jurisdiction over this action under 15 U.S.C. §1121(a) and 28 U.S.C. § 1338(a), since it arises under the Lanham Act (15 U.S.C. §1051 et seq.).

5.     This Court has jurisdiction over the remaining claims set forth herein under 28 U.S.C. §1338(b), since those claims are joined with substantial and related claims under the Lanham Act.

6.     This Court also has diversity jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §1332(a)(1) since the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

7.     This Court has personal jurisdiction over Defendants inasmuch as Defendants reside and transact business in this judicial district and the commission of the wrongful acts by Defendants as hereinafter described occurred in this judicial district.

## VENUE

8.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c).

## FACTUAL BACKGROUND REGARDING CHOW TIME #3

9.     Chow Time #3 operates a unique restaurant concept under the CHOW TIME name which features both Chinese and American southern cuisine served buffet style, and also

available for take-out.

10.     Chow Time #3 has used the mark CHOW TIME and an associated logo since August 16, 2007 to identify its unique restaurant concept of combining a Chinese food and American southern food buffet and take-out restaurant. Chow Time #3's CHOW TIME (and Design) mark is federally registered (Reg. No. 3,682,903) (the "CHOW TIME Mark") and this registration is valid and subsisting. A copy of the registration as shown on the official website of the U.S. Patent and Trademark Office is attached hereto as *Exhibit A*.

11.     The CHOW TIME Mark distinguishes the unique restaurant services of Chow Time #3 and serves to identify those services as emanating from a particular source.

12.     Chow Time #3's federal registration of its CHOW TIME Mark grants Chow Time #3 a nationwide priority of right to use its mark and the exclusive right to use its mark in commerce in connection with the services specified in the certificates of registration, all pursuant to 15 U.S.C § 1057.

13.     Chow Time #3's registration of its CHOW TIME Mark constitutes constructive notice to the Defendants of Chow Time #3's claim of ownership thereof pursuant to 15 U.S.C. § 1072.

14.     The CHOW TIME Mark has become strongly identified in the mind of the public with Chow Time #3 and its unique restaurant concept located in Memphis, only a few miles from the Mississippi state line. The CHOW TIME Mark is one of Chow Time #3's most valuable assets, and enjoys a high degree of recognizability among members of the consuming public.

15.     The CHOW TIME Mark is extremely valuable to Chow Time #3. The CHOW

TIME mark reflects the goodwill associated with and established by years of use, thousands of dollars of transactions and satisfied customers, the expenditure advertising dollars, and consistency in the quality of its restaurant services.

## DEFENDANT'S INFRINGING ACTIVITIES

16.     Sometime in or before December, 2009, Defendant Yun Da Chen obtained a building permit to renovate a closed restaurant, International Buffet, in Oxford, MS, to open a new restaurant and adopted the name Chow Time as the name of the restaurant soon to be opened. On January 19, 2010, Chow Time MS Inc. was formed as a Mississippi corporation with it principal place of business located at the site of the former International Buffet restaurant in Oxford, MS.  The restaurant opened on or about February 13, 2010 using the trade name and mark CHOW TIME Grill & Buffet to identify its restaurant services, which are virtually identical to those of Chow Time #3, namely, a combination Chinese and American southern food buffet and take-out restaurant.  A copy of an advertisement of Defendants' services that appeared in the University of Mississippi student newspaper, *The Daily Mississippian*, on February 26, 2010 is attached hereto as ***Exhibit B***.

17.     Defendants' use of the name CHOW TIME is likely to cause confusion with, and has caused confusion with, the CHOW TIME Mark.  A significant portion of the public is likely to assume or has assumed, that there is a business connection of some kind between Defendants and Chow Time #3 or that Defendants have obtained permission from Chow Time #3 to use its CHOW TIME Mark in its advertisements, promotional materials and signage.

18.     Defendants' activities have therefore given rise to a likelihood of confusion or deception among the public that Defendants and Chow Time #3 are related or associated in some

4

way, that there is an affiliation or connection with Chow Time #3, or sponsorship or approval by Chow Time #3 of Defendants' restaurant services.

19.     Defendants, by their activities, have deliberately misrepresented to the public during the course of their trade, that Chow Time #3 has approved or endorsed the services or business of Defendants, thereby injuring Chow Time #3's goodwill.

20.     Chow Time #3 has requested that Defendants cease and desist from their infringing activities in a series of correspondence dating from January 6, 2010.  To date, Defendants have refused to cease use of their infringing mark.

21.     As a proximate result of its unauthorized use of the CHOW TIME Mark, Defendants have been able to garner business from consumers to whom Chow Time #3 seeks to provide its restaurant services.  Defendants have has thus been unjustly enriched, and Chow Time #3 has suffered and will suffer damage to its business, reputation and goodwill.

22.     Consumers purchasing or consuming Defendants' restaurant services have the mistaken belief that they are affiliated, associated, or connected with or sponsored by Chow Time #3, resulting in damage to Chow Time #3.

23.     Defendants have infringed the CHOW TIME Mark in interstate commerce by using the identical name CHOW TIME in connection with, *inter alia,* the sale, offering for sale, and advertising of its restaurant services, which are virtually identical to those of Chow Time #3.

24.     Defendants' acts of trademark infringement and unfair competition alleged herein have been committed with the intent to cause confusion, or to deceive, and have been deliberate, knowing, willful, and/or in bad faith.

25. Defendants' acts of trademark infringement and unfair competition alleged herein have damaged or are likely to damage Chow Time #3's business, reputation, and goodwill, injuries for which there is no adequate remedy at law.

26. Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to Chow Time #3's irreparable harm. It would be difficult to ascertain the amount of compensation which could afford Chow Time #3 adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required to seek compensation for all such acts. Chow Time's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT ONE

(Trademark Infringement - Violation of Lanham Act, 15 U.S.C. § 1114)

27. Paragraphs 1 through 26 set forth above are hereby incorporated herein and realleged in full.

28. Defendants have, without the consent of Chow Time #3, used in commerce a copy or colorable imitation of Chow Time #3's registered CHOW TIME Mark in such a manner as is likely to cause confusion mistake or deception among consumers, and such use constitutes a violation of 15 U.S.C § 1114.

## COUNT TWO

(False Designation of Origin and False Representation -
Violation of Lanham Act, 15 U.S.C. § 1125)

29. Paragraphs 1 through 28 set forth above are incorporated herein and realleged in full.

30.     Defendants' misuse of the CHOW TIME Mark results in a false designation of origin and false representation and is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants' restaurant services with those of Chow Time #3 and as to the sponsorship or approval of Defendants' services by Chow Time #3. Defendants' misuse of the CHOW TIME Mark therefore violates 15 U.S.C. § 1125(a).

31.     Defendants' acts have caused Chow Time #3 pecuniary loss and damage, including damage to business reputation and goodwill and other damages ancillary thereto in amounts not yet determined.

## COUNT THREE

(Common Law Trademark Infringement)

32.     Paragraphs 1 through 31 set forth above are incorporated herein and realleged in full.

33.     Defendant's acts constitute trademark infringement in violation of the common law of the State of Mississippi. Such acts have been committed with the intent to cause confusion, to cause mistake, and to deceive, and have been deliberate, knowing, willful, and in bad faith.

34.     Defendants have infringed the CHOW TIME Mark by using it in connection with, *inter alia,* the sale offering for sale, and advertising of its restaurant services. Said use of the CHOW TIME Mark is likely to deceive to cause confusion, to cause mistake as to the affiliation, connection, or association of Defendants' services with Chows Time #3 and as to the origin, sponsorship, or approval of Defendants' services by Chow Time #3.

35.     Defendants' acts have caused Chow Time #3 pecuniary loss and damage, including damage to business reputation and goodwill and other damages ancillary in amounts not yet determined.

36.     Defendants' acts of trademark infringement have caused, and will continue to cause, irreparable injury to Chow Time #3 unless enjoined by this Court. Chow Time #3 has no adequate remedy at law.

37.     Defendants have acted willfully, in bad faith and caused harm to Chow Time #3.

## COUNT FOUR

(Unfair Competition - Palming Off)

38.     Paragraphs 1 through 37 set forth above are incorporated herein and realleged in full.

39.     Defendants, in connection with, *inter alia*, the sale, offering for sale, and advertising of its restaurant services, and through its misuse of the CHOW TIME Mark, is palming off its services as if they were services offered by Chow Time #3.

40.     Defendants' misuse of the CHOW TIME Mark is likely to deceive or mislead, and has deceived and misled, prospective purchasers by causing the mistaken belief that Defendants restaurant services are those of Chow Time #3, that Defendants' restaurant services are affiliated, connected or associated with Chow Time #3, and that Defendants' restaurant services are produced, sponsored, or approved by Chow Time #3.

41.     Defendants' acts of palming off alleged herein have been committed with the intent to cause confusion, to cause mistake, and to deceive, and have been deliberate, knowing,

willful, and in bad faith.

42.     Defendants' acts of palming off alleged herein have damaged and are likely to continue to damage Chow Time #3's business, reputation and goodwill.  Defendants have acted willfully and in bad faith.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Chow Time #3, LLC prays for the following relief:

1.     That the Court order Defendants to cease use of the CHOW TIME name, or any other name or mark confusingly similar to the CHOW TIME Mark.

2.     That the Court grant an injunction preliminarily and permanently enjoining and restraining Defendants and their agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of the Court's order from directly or indirectly using, in any manner, the CHOW TIME Mark or any other mark labeling, words, name or design confusingly similar to, or likely to be confused with, the CHOW TIME Mark of Chow Time #3.

3.     That the Court order that all menus, signs, prints, containers, packages, promotional materials, advertisements, and any other materials in the possession of Defendants bearing the CHOW TIME name, and all plates, molds, matrices, and other means of making same, shall be delivered up and destroyed, pursuant to 15 U.S.C. § 1118.

4.     That Defendants be directed to file with the Court and serve on Chow Time #3, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the

injunction.

5.      That the Court adjudge and decree that Defendants' actions constitute infringement of the CHOW TIME Mark in violation of 15 U.S.C. § 1114.

6.      That the Court adjudge and decree that Defendants' conduct serves to designate falsely the origin of its product and services, and falsely describes such products and services, and constitutes false representation and advertising in connection with the promotion, offering for sale, and sale of such products and services, all in violation of 15 U.S.C. § 1125.

7.      That the Court adjudge and decree that Defendants' actions constitutes trademark infringement under the common law of Mississippi.

8.      That the Court adjudge and decree that Defendants' use of the CHOW TIME Mark constitutes unfair competition by palming off under the common law of Mississippi.

9.      That Defendants be required to account to Chow Time #3 for any and all monies received by Defendants from the offering and sale of restaurant services made under, in connection with, or identified by the CHOW TIME name, or any other name or mark confusingly similar to the CHOW TIME Mark, and that the Court award such amount to Chow Time #3 as Defendants' profits pursuant to 15 U.S.C. § 1117.

10.     That the Court award Chow Time #3 compensatory damages in such amount as it shall find to be just and reasonable, and that the Court treble that amount pursuant to 15 U.S.C. § 1117.

11.     That Chow Time #3 be awarded the costs of this action pursuant to 15 U.S.C. §

1117.

12.     That the Court find this to be an exceptional case pursuant to 15 U.S.C. § 1117 and award Chow Time #3 its reasonable attorney fees.

13.     That the Court award Chow Time #3 compensatory damages in such amount as the Court shall find has been caused by the common law trademark infringement committed by Defendant.

14.     That the Court award Chow Time #3 compensatory damages in such amount as the Court shall find has been caused by the unfair competition committed by palming off by Defendant.

15.     That the Court order such other and further relief as it deems just and appropriate.

16.     This is the first application for extraordinary relief in this proceeding.

Dated this ____ day of April, 2010.

Respectfully Submitted,

By:_____
Dan T. Bing
4646 Poplar Ave., Suite 207
Memphis, Tennessee 38117
901-685-5030 Telephone
901-284-0110 Facsimile
dbing@bellsouth.net

By: _____
Scott K. Haight
8930 Calumet Cove
Germantown, TN 39138
901-517-4485 Telephone
901-748-3347 Facsimile
haight_s@bellsouth.net

# United States of America

## United States Patent and Trademark Office



# CHOW TIME

**Reg. No. 3,682,903**
Registered Sep. 15, 2009

**Int. Cl.: 43**

**SERVICE MARK**
**PRINCIPAL REGISTER**

CHOW TIME #3, LLC (TENNESSEE LIMITED LIABILITY COMPANY), DBA CHOW TIME
  RESTAURANT
4207 HACKS CROSS ROAD
MEMPHIS, TN 38125

FOR: RESTAURANT; RESTAURANT SERVICES, NAMELY, PROVIDING OF FOOD AND
BEVERAGES FOR CONSUMPTION ON AND OFF THE PREMISES; RESTAURANTS; SELF
SERVICE RESTAURANTS, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 8-16-2007; IN COMMERCE 8-16-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHOW", APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS " CHOW TIME " USED TOGETHER WITH A
DESIGN SIMILAR TO A SYMBOL OFTEN REFERRED TO AS THE YIN-YANG SYMBOL.
THE DESIGN IS A CIRCLE WHOSE PERIMETER IS MADE UP OF EVENLY SPACED
SQUARES. THE CIRCLE IS DIVIDED BY A LINE WHOSE TOP PORTION IS CURVED TO
THE LEFT AND THE BOTTOM PORTION IS CURVED TO THE RIGHT. THE AREA TO THE
LEFT OF THE CURVED LINE IS DARKENED WITH A NON-SPECIFIC DARK OR BLACK
COLOR AND THE AREA TO THE RIGHT OF THE CURVED LINE IS HAS A NON-SPECIFIC
LIGHTER OR WHITE COLOR.

SER. NO. 77-681,189, FILED 3-2-2009.

SHAILA SETTLES, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

Exhibit "A"

Exhibit "B"

